IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BLAKE KENNEDY, F45692,<br>        Petitioner,<br>  vs.<br>GREG LEWIS, Warden,<br>        Respondent. | No. C 10-4498 CRB (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

      Petitioner, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Santa Clara County Superior Court.

      Petitioner raises three claims for relief : (1) insufficiency of the evidence, (2) improper denial of motion for a continuance and (3) prosecutorial misconduct.  But although he presented all three claims to the California Court of Appeal, he concedes that he only presented the first two claims to the Supreme Court of California.

      It is well-established that prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c).  Petitioner has

not done so.  He has not presented the Supreme Court of California with an opportunity to consider and rule on one of his claims.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary).  Petitioner's mixed petition – one containing both exhausted and unexhausted claims – must be dismissed without prejudice.  Rose v. Lundy, 455 U.S. 509, 522 (1982).

But under the law of the circuit, the court must give petitioner the option of either withdrawing his unexhausted claim and proceeding only on his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted.  See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004).

Within 30 days of this order, petitioner shall inform the court in writing whether he wishes to (1) withdraw his unexhausted claim and proceed only on his exhausted claims, or (2) dismiss the entire mixed petition and return to federal court with a new petition once all claims are exhausted.  Alternatively, petitioner may seek a stay of these proceedings until he exhausts his prosecutorial misconduct claim, if he can show that there was good cause for his failure to exhaust the claim in state court and that the claim is potentially meritorious.  See Rhines v. Webber, 544 U.S. 269, 277 (2005).  Failure to respond within the designated time will result in the dismissal of the entire mixed petition without prejudice to filing a new federal petition containing only exhausted claims.

SO ORDERED.

DATED:  Feb. 14, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Kennedy, T1.dwlta.wpd

2