1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6              FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    THOMAS BLAKE KENNEDY, F45692,    )
                                      )
9              Petitioner,            )   No. C 10-4498 CRB (PR)
                                      )
10        vs.                         )   ORDER REOPENING CASE
                                      )   AND GRANTING REQUEST
11   GREG LEWIS, Warden,              )   TO FILE SECOND
                                      )   AMENDED PETITION; AND
12             Respondent.            )   ORDER TO SHOW CAUSE
     _____ )
13
14          Petitioner, a state prisoner at Pelican Bay State Prison (PBSP), filed a pro

15   se First Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254

16   (FAP) challenging a conviction from Santa Clara County Superior Court on the

17   basis of four federal claims.  Petitioner also requested a stay until he exhausts in

18   the state courts newly-discovered evidence in support of his claims.

19          Per order filed on May 11, 2011, the court granted the request to stay these

20   proceedings and instructed the clerk to administratively close the case until

21   petitioner exhausts the newly-discovered evidence in support of his claims and

22   moves to reopen the case and lift the court's stay.  Petitioner has filed a notice

23   informing the court that he has now exhausted the newly-discovered evidence

24   and requesting leave to file a Second Amended Petition (SAP) containing the

25   four claims and recently-exhausted supporting evidence.  Good cause therefor,

26   petitioner's notice is construed as a motion to reopen the case and lift the court's

27   stay and is granted.  The request to file a SAP is also granted; the clerk shall file

28   the proposed SAP submitted with the notice as the new operative SAP.

**BACKGROUND**

Petitioner was convicted by a jury of two counts of aggravated assault on a peace officer during which he discharged a firearm, shooting at an inhabited dwelling, exhibiting a firearm to a peace officer and possession of a short-barreled shotgun. On October 5, 2006, the trial court found that petitioner had a prior strike conviction and a prior serious felony conviction and sentenced him to 52 years and four months in prison.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California. He also unsuccessfully sought habeas relief from the state courts. The Supreme Court of California denied his final petition for state habeas relief on June 20, 2012.

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.    Claims

Petitioner seeks federal habeas corpus relief by raising four claims: (1) failure to comply with a pre-trial discovery order under Brady; (2) improper admission of evidence; (3) improper denial of a motion for a continuance; and (4) insufficiency of the evidence. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247

2

F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The clerk shall serve a copy of this order and the SAP and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.     Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

/

1       4.      Petitioner is reminded that all communications with the court must

2   be served on respondent by mailing a true copy of the document to respondent's

3   counsel.  Petitioner must also keep the court and all parties informed of any

4   change of address.

5   SO ORDERED.

6   DATED:  Oct. 19, 2012      _____

7                              CHARLES R. BREYER
                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      G:\PRO-SE\CRB\HC.10\Kennedy, T.10-4498.osc.wpd

28                                          4